**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AMZURA ENTERPRISES, INCORPORATED,
d/b/a Amzco/Surgical Devices,
U.S.A.,

    *Plaintiff-Defendant-*
        *Appellant,*

  and

GLOBAL FINANCIAL CORPORATION,
    *Plaintiff-Intervenor-*
      *Defendant,*

   v.

ROWE INCORPORATED,
    *Defendant-Appellee,*

  and

STANLEY V. CAMPBELL; JAVAID A.
RATCHER, an individual; AFFILIATED
INDUSTRIES, INCORPORATED; FRANK
FRANCOIS, an individual,

      *Defendants.*

No. 02-1987

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-96-1601-A, CA-97-956-A)

Argued: October 30, 2003

Decided: November 24, 2003

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Walter Elmer Diercks, RUBIN, WINSTON, DIERCKS, HARRIS & COOKE, L.L.P., Washington, D.C., for Appellant. Timothy Brian Mills, PATTON BOGGS, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Frederick D. Cooke, Jr., RUBIN, WINSTON, DIERCKS, HARRIS & COOKE, L.L.P., Washington, D.C., for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case arises from the breach of a contract to lend money. Amzura Enterprises, Inc. (AMZCO), the breaching party, appeals the district court's award of damages to Rowe, Inc. Specifically, AMZCO asserts that the district court erred when it treated the value of medical vehicles transferred under a substitute loan agreement as interest. We affirm.

I.

A detailed description of the undisputed facts underlying this case is contained in our previous opinion, *Amzura Enterprises, Inc. v. Ratcher*, 2001 WL 1023112, *1-2 (4th Cir. 2001) (unpublished) (per curiam). We will briefly summarize them here. AMZCO contracted to lend Rowe one million dollars to finance Rowe's contract to provide twenty-nine medical vehicles to the United States Army and then later refused to perform. Under the loan agreement, Rowe was to pay AMZCO $554,040.40 in interest on the loan over a period of five

years. After AMZCO failed to perform, Rowe obtained substitute financing from another lender. Under the substitute financing arrangement, Rowe paid a total of $1,450,437.52 in fifty-six monthly installments and assigned all of its "rights, title and interests" in the medical vehicles to the substitute lender as consideration for the loan. The district court concluded that the resale value of the vehicles at the conclusion of Rowe's contract with the Army, $260,000, was part of the interest that Rowe was required to pay under the substitute financing arrangement. After making some adjustments that the parties do not challenge, the district court concluded that Rowe had paid $86,323.98 more in interest under the substitute loan agreement than it would have paid under the AMZCO financing agreement. Accordingly, the district court granted summary judgment to Rowe, including prejudgment interest, in the amount of $95,868.35.

## II.

Under New York law, which governs this dispute,* "[t]he utmost liability of a person who breaches his contract to lend money, in the absence of notice of special circumstances, is for the increased interest the other person was obliged to pay." *Avalon Const. Corp. v. Kirch Holding Co.*, 175 N.E.2d 651, 653 (N.Y. 1931) (quotations omitted). Although seemingly a straightforward standard, the parties dispute what it means to "pay" interest. Specifically, AMZCO asserts that interest can be paid only in money, not in goods, because "pay" means "to give money to in return for goods or services rendered." (Appellant's Br. at 21) (quoting *The American Heritage Dictionary* 911 (2d College ed. 1985)). Thus, according to AMZCO, the district court should not have included the value of the medical vehicles in its damage award, because interest cannot be paid in goods.

AMZCO's narrow definition of the term "pay" is in discord with *Black's Law Dictionary*, New York's usury statute, and the New York Uniform Commercial Code. According to *Black's*, to "pay" is to "deliver to a creditor the value of a debt, either in money *or in goods*, for his acceptance." *Black's Law Dictionary* 1128 (6th ed. 1990)

---

*The Rowe-Amzura contract contains a choice-of-law clause, which specifies that the contract is to be governed by New York Law. The parties do not dispute that New York law governs the case.

(emphasis added). Similarly, New York's usury law prohibits creditors from "receiv[ing] any money, goods or things in action as interest" in excess of the statutory rate — clearly contemplating that interest can be paid in goods. N.Y. Gen. Oblig. § 5-501(2) (McKinney 2003). Usury is not an issue in this case, but the statute is nonetheless instructive of New York's understanding of the term "interest." New York's Uniform Commercial Code, although not applicable here, is also illustrative. It allows "payment" to be "made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender." N.Y.U.C.C. § 2-511 (McKinney 2003). These sources persuade us that interest may be paid in goods under New York law. Accordingly, the district court properly treated the value of the medical vehicles as interest when it calculated its damage award.

### III.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*